JAMES J. MILLAY *et al.*, Plaintiffs in Error, *v.* MARVIN DUNN, Defendant in Error.

### ERROR TO LA SALLE.

Where it appears that a party is to deliver grain and have the price of it at a certain place indorsed on a contract, the party to whom it is to be delivered, has not, prior to delivery, any authority to take possession of the grain.

THIS was an action of replevin in the LaSalle Circuit Court, commenced by Dunn against Millay and Pierce.

The declaration alleges, that on September 25, 1861, defendants wrongfully took about five hundred bushels of ear corn, and two hogs, and unlawfully detained same until, etc.

Defendants filed four pleas.

The court sustained plaintiff's demurrer to fourth plea, and rendered judgment thereon.

Defendants withdrew first, second and third pleas.

The error assigned is, that the court erred in sustaining demurrer to the fourth plea, and rendering judgment thereon.

The fourth plea is substantially as follows:

And for another and further plea in this behalf, by leave of court, etc., said defendants say, as to so much of said declaration as charges the taking and detaining the corn therein mentioned, *actio non*, etc., because they say, that on the nineteenth day of October, A. D. 1859, the plaintiff, and said Nathaniel S. Pierce, made and entered into an agreement in writing, in the words and figures following:

"Article of agreement, made the nineteenth day of October, one thousand eight hundred and fifty-nine, between Nathaniel S. Pierce of the town of Adams, county of LaSalle, and State of Illinois, of the first part, and Marvin Dunn of said town, of the second part, witnesseth, that said party of the first part has contracted and agreed to sell to said party of the second part, all that certain piece or parcel of land, situated in said town, and which is bounded or described as follows,

to wit, etc. ; and the party of the first part agrees to execute and deliver to said party of the second part a warrantee deed for the said land, provided and upon condition that said party of the second part, his heirs or assigns, pay to party of the first part, his heirs or assigns, for the same land, the sum of eight hundred dollars, at ten per cent. interest, as follows, etc., (description of land, and terms of payment, are omitted in this statement); and the party of the second part further agrees with the party of the first part, for the better security of the payments, that the growing crops shall be and remain the property of the party of the first part, until the said payment or payments are made and cancelled by the party of the second part ; and the party of the first part agrees with the party of the second part, that the grain, or so much thereof as to satisfy the said payment or payments, as they may become due, shall be delivered at Somonauk Station, and the party of the second part shall have the current price of that place indorsed on the within contract, on delivery of the grain."

" Signed and sealed," etc.

And defendants aver, that said sum of seventy-five dollars and the interest on said whole sum in said agreement mentioned, were, at the said time, when, etc., due and unpaid— that said corn in said declaration mentioned was raised and grown upon said tract of land in said agreement mentioned, and that said Nathaniel S. Pierce in his own right, and the said Millay, as the servant and agent of said Pierce, took said corn by virtue of said agreement, for the purpose of delivering the same at Somonauk Station, in accordance with said agreement, as they lawfully might, and defendants allege that said hogs have not been replevied ; and this the said defendants are ready to verify, wherefore they pray judgment, etc.

LELAND & LELAND, for Plaintiffs in Error.

GRAY, AVERY & BUSHNELL, for Defendant in Error. .

BREESE, J. The only question presented by this record is, as to the decision of the court in sustaining the plaintiff's demurrer to the defendant's fourth plea. And that depends upon the construction to be placed on the agreement set out in that plea. It is contended by the plaintiff in error, that by the terms of the agreement, the grain raised upon the land was to be his not absolutely, but as security for the purchase money of the land, and that he was the party to deliver it at Somonauk Station. We do not so understand the contract.

This portion of it is as follows : " And the party of the first part (who is the plaintiff in error) agrees with the party of the second part (the defendant in error) that the grain, or so much thereof as to satisfy the said payment or payments as they may become due, shall be delivered at Somonauk Station, and the party of the second part (the defendant in error) shall have the current price of that place indorsed on the within contract on delivery of the grain."

Language could not be plainer to indicate the party who was to deliver the grain. That party was to have the current price of that place indorsed on the contract on delivery of the grain, and he is described as the party of the second part, the defendant in error. It is too plain for disputation.

The interference of the plaintiff with the grain, by taking it into his possession, was unauthorized. The defendant was the party to deliver the grain and to procure the indorsement of the price, at that station, to be placed on the contract, by which the payments were to be adjusted.

The demurrer to the plea was properly sustained, and the judgment must be affirmed.

*Judgment affirmed.*